On June 20, 1975 the court issued the following order:
Before SkeltoN, Judge, Presiding, KuNzig and BenNett, Judges.
“These consolidated claims 'by the same plaintiff are before the court on plaintiff’s motion for judgment and defendant’s cross-motion for summary judgment. Plaintiff, a retired Navy Commander, alleges that the Department of the Navy, relying on two decisions of the Comptroller General of March 25, 1974, 53 Comp. Gen. 701; 53 Comp. Gen. 698, did not comply with 10 U.S.C. § 1401a(e) in computing his retired pay. Plaintiff claims some $46.51 per month more than he has been awarded. The problem seems to have arisen because basic pay increases have not kept pace with consumer price increases which are added to retired pay, making it more profitable, in some instances, to have retired earlier even though at a lower basic pay. In the aforesaid decisions of the Comptroller General, however, he explicitly rejected the concept that it was allowable as a matter of law to compute retirement on an earlier base year in the manner plaintiff attempts. In plaintiff’s own case he stated in a letter to plaintiff on September 20,1974, in part:
In the March 25 decisions, * * * we gave careful consideration to the language, purpose and legislative history of 10 U.S.C. 1401a(e) and we held that in the absence of specific language in the statute or its legislative history to the contrary, the floor provided by 10 U.S.C. *980 1401a (e) must be limited to the rate of pay in effect on the day before the effective date of the rate of monthly basic pay on which the member’s retired pay would otherwise 'be 'based, plus appropriate Consumer Price Index increases from that date forward. That is, under those decisions, a member’s retired pay is to be computed by two methods, (1) based on the active duty pay rate in effect at the time of his retirement and, (2) based on the immediately prior active duty pay rate, plus any appropriate Consumer Price Index increases which became effective subsequent to that prior active duty pay rate and before the actual date of the member’s retirement, whichever method produces the greater amount of retired pay. Further, the computation of retired pay may not be based on any active duty pay rates which were in effect prior to the rates of pay used in method (2), even though in some cases such computation (which would include all Consumer Price Index increases which became effective between that earlier date and the date of the member’s actual retirement) would produce a greater retired pay benefit than the higher of the before-mentioned methods of computation.
It appears that legislation would be required to change these methods of computation.
“The court has carefully considered plaintiff’s attack on the decisions of the Comptroller General, the Department of Defense papers submitted for our consideration, and has considered all other papers accompanying the pleadings and motions, and plaintiff’s stout insistence that the legislative history of the statute shows congressional intent to prevent later retirement with less real pay. However, we are not persuaded upon consideration of plaintiff’s effectively presented arguments that he is correct as a matter of law and that the Comptroller General and the Department of the Navy are incorrect in their computations and method of applying the statute. If there are any changes to be made in it to reflect an intent contrary to what we believe it means or to alleviate alleged inequities arising from the inflationary factor and delays in the increase of basic pay, legislation would be required.
“it is therefore ordered that upon consideration of all the papers in the case, without oral argument, plaintiff’s motion for judgment is denied. Defendant’s cross-motion for summary judgment is granted. The petitions are dismissed.”